UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN J. PANNIA, SS # 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, § | |
| § | |
| Plaintiff, § | |
| VS. § | |
| § | CIVIL ACTION NO. H-04-4243 |
| JO ANNE B. BARNHART, § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the Court in this Social Security appeal are the parties' cross-motions for summary judgment. After reviewing the parties' filings and the applicable law, the Court finds that Plaintiff's motion, Docket No. 13, should be and hereby is **DENIED**, and that Defendant's motion, Docket No. 14, should be and hereby is **GRANTED**. Plaintiff's claim is hereby **DISMISSED WITH PREJUDICE**.

**I.   BACKGROUND**

In November 2002, Plaintiff filed for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff claimed to have become disabled in August 2002, due to a generalized anxiety disorder, profound hearing loss, memory loss, and frequent anxiety and panic attacks. (Admin. Tr.[1] at 70-72, 75.) Plaintiff's disability claim was denied initially (*id.* at 55-56) and on reconsideration (*id.* at 60-61).

Plaintiff then requested a hearing before an administrative law judge (ALJ). After hearing testimony from Plaintiff and from a vocational expert, the ALJ determined that

---

[1] Throughout this Memorandum and Order, citations to "Admin. Tr." are to the Administrative Transcript, Docket No. 11.

Plaintiff was not disabled. (*Id.* at 17-29.) The Social Security Administration Appeals Council denied Plaintiff's application for review of the ALJ's decision in September 2004 (*id.* at 4-6), thereby rendering the ALJ's determination a final agency decision subject to judicial review. *See* 42 U.S.C. § 405(g). Plaintiff subsequently filed suit in this Court, seeking to overturn the denial of benefits. Both parties now move for summary judgment.

## II.   ANALYSIS

### A.   Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.*

### B.   Standard of Review of Agency Action

Judicial review of a final decision by the Commissioner of Social Security is limited to two inquiries: (a) whether the decision is supported by substantial evidence in

the administrative record; and (b) whether the decision comports with applicable legal standards. 42 U.S.C. § 405(g); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). For the purposes of § 405(g), substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted), but less than a preponderance, *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Id.* "[N]o substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Id.* (internal quotation marks omitted).

### C. The ALJ's Decision

Plaintiff argues that the ALJ violated both prongs of the § 405(g) standard by (a) making a finding unsupported by substantial evidence – namely, that Plaintiff's condition did not qualify as an Anxiety Disorder giving rise to a presumption of disability under Listing 12.06 – and (b) failing to follow the law, by disregarding Plaintiff's Veterans Administration (VA) disability rating. (Pl.'s Mot. for Summ. J. at 2.) The Court considers each of Plaintiff's contentions in turn.

#### 1. Substantial evidence.

To qualify for a presumption of disability under Listing 12.06, an applicant must manifest:

> A. Medically documented findings of at least one of the following:
> 1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:
> a. Motor tension; or

      b.  Autonomic hyperactivity; or
      c.  Apprehensive expectation; or
      d.  Vigilance and scanning;

Or

1. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
2. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or
3. Recurrent obsessions or compulsions which are a source of marked distress; or
4. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;

And

B. Resulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

Or

C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06.

To prove his assertion that the ALJ's decision is unsupported by substantial evidence, Plaintiff first states that the ALJ failed to consider "*any* evidence from *any* treating medical source." (Pl.'s Mot. for Summ. J. at 12 (emphases in original).) A review of the administrative record reveals, however, that the ALJ did in fact consider several evaluations by treating physicians:

> The Administrative Law Judge has considered the statements from the claimant's various treating physicians at Veterans Affairs Medical Center (VAMC). A VAMC physician completed a certification of Health Care

4

> Provider Form on February 13, 2003. It was his opinion that the claimant was able to work but should only perform light duty work (Exhibit 1F, page 5).
>
> In forms completed by Murthy Mutyala, M.D., a physician with VAMC, on March 14, 2002, and April 22, 2002, it was indicated that the claimant was released to light duty work only for a 12-month period. However, it was noted that the claimant should work in a stress-free environment. In addition, Dr. Mutyala completed a letter dated May 28, 2002, indicating that the claimant should be limited to light/limited duty work. He indicated that the claimant should not be required to work more than 8 hours, if possible, no more than 5 days per week and that the claimant should avoid an atmosphere that may trigger attacks (Exhibit 1F, page 8 and Exhibit 6F, pages 23 and 24).
>
> Consideration has also been given to the statement of Gail Blakley, M.D., of Milby Clinic. She indicated on April 30, 2002, that the claimant was able to return to work with restrictions of 8 hours per day, 5 days per week, preferably in a less stressful environment (Exhibit 6F, page 25).
>
> While the Administrative Law Judge has considered the statements and opinions of the claimant's various treating physician[s], the Administrative Law Judge emphasizes that these opinions and assessments were made prior to the claimant's alleged onset date of disability. Moreover, the Administrative Law Judge notes that the medical record is silent from any treating physician after the claimant's alleged onset date of disability that states that the claimant is disabled or has limitations greater than those determined in this decision.

(Admin. Tr. at 23-24.) It is obvious from this excerpt that the ALJ considered extensive evidence provided by Plaintiff's treating physicians. Moreover, Plaintiff points to no medical record or treating physician's opinion that supports his claim of disability. The Court finds, therefore, that the ALJ's finding was not unsupported by substantial evidence provided by Plaintiff's treating physicians.

Plaintiff also argues that the only medical evidence cited by the ALJ is the psychiatric evaluation report of M.R. Prabhu, M.D. (Pl.'s Mot. for Summ. J. at 12.) Plaintiff contends that this report, standing alone, is inadequate to support a finding of no disability. (*Id.*) Plaintiff excerpts several short portions of Dr. Prabhu's report,

presenting these as the entirety of the report and concluding that "[i]n no event can these meager observations provide sufficient evidence germane to presumptive disability." (*Id.*)

Plaintiff neglects to note, however, that, in addition to the statements quoted in Plaintiff's motion, the ALJ also gleaned the following information from Dr. Prabhu's report:

> The claimant presented with subjective complaints of hopelessness, helplessness, and a poor sleep pattern, as well as panic attacks. The claimant was observed to be well oriented to time, place, and person. Further, Dr. Prabhu noted that the claimant was able to relate to the people around him. As to daily activities, the claimant reported that he is able to care for his own personal hygiene and perform household chores. In addition, the claimant reported that he was able to manage his own finances. However, the claimant indicated that he does get assistance with shopping and cooking. While the claimant indicated that he does not socialize with family and friends, the evidence of record establishes that his sister frequently assists him with grocery shopping and provides transportation. In terms of memory, the claimant['s] memory for remote events was good, his recent memory was fair and his immediate memory was decreased. The claimant was able to perform serial 3's; however, he was unable to perform serial 7's. The claimant's general knowledge was documented to be good. While the claimant's judgment was fair, he had insight into his problems. The medical record is silent for any evidence that the claimant is unable to function independently outside of the area of his home (Exhibit 3F).

(Admin. Tr. at 22.) The Court finds that this evidence, combined with the records of Plaintiff's treating physicians and with the absence of any statement by a physician to the contrary, provides substantial support for the ALJ's determination.

### 2. Adherence to the governing law.

Plaintiff also contends that the ALJ failed to follow the law, by neglecting to consider Plaintiff's VA disability rating. (Pl.'s Mot. for Summ. J. at 9.) That rating is not binding upon the ALJ. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) ("[T]he

ALJ has sole responsibility for determining a claimant's disability status.  In doing so, the ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly.") (internal quotation marks omitted).  It is, however, "evidence that is entitled to great weight and should not [be] disregarded by the ALJ."  *Loza v. Apfel*, 219 F.3d 378, 394-95 (5th Cir. 2000).

The *Loza* court found that an ALJ's finding was not supported by substantial evidence where the ALJ completely failed to mention or examine the VA disability rating.  *Id.*  In the instant case, in contrast, the ALJ did note the rating:

> On October 25, 2001, the claimant's 30 percent service connected impairment was increased to 50 percent as of August 30, 2001. Thereafter, the claimant's 50 percent service connected disability was increased to a 70 percent service connected disability rating from the Veterans' Administration effective January 17, 2002.  The medical record establishes that the claimant takes oral medication for his mental condition and he receives counseling under the auspices of the Veterans' Administration (Exhibit 1F, page 2 and Exhibit 6F, page 14).  A determination concerning disability made by another governmental agency, such as the Veterans' Administration, is made under its own rules and is not binding on the Social Security Administration (20 CFR § 416.904).  Thus, the claimant's service connected disability rating does not mean that he is disabled for Social Security purposes.

(Admin. Tr. at 24.)  The Court finds that the ALJ's description of the VA disability rating, its examination of the treatment afforded Plaintiff by the VA, and its accurate statement of the governing legal standard, in conjunction with its careful reading of Plaintiff's medical records and the statements of treating and examining physicians, satisfy the requirement that VA ratings be given considerable weight and not be disregarded.

**CONCLUSION**

The Court finds that the ALJ's decision is supported by substantial evidence and comports with the governing legal standard. Accordingly, Plaintiff's motion for summary judgment is **DENIED** and Defendant's motion for summary judgment is **GRANTED**. Plaintiff's claim is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 16th day of February, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**